Jean J. CARNEY, Appellant,

v.

Elma AICKLEN, Appellee.

No. 12579.

Court of Civil Appeals of Texas, Austin.

June 8, 1977.

Byron Lockhart, Lockhart, Kuykendall & Jones, Austin, for appellant.

Joseph Latting, Gay & Latting, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant, Jean J. Carney, and appellee, Elma Aicklen, are nieces of Elma H. Loud, a person who, under the record before us, is of unsound mind. Appellant filed an application for letters of guardianship for the person and estate of Elma Loud. Under the same number and style as that docketed for the application of appellant, appellee contested appellant's application praying that if a guardian is needed, she, and not appellant, be appointed guardian. Thereafter, the trial court proceeded to hear the applications of both parties and, subsequently, appointed appellee. We reverse this judgment and remand the cause for a new trial.

■ Appellant's points of error present two principal questions. The first is whether the trial court committed error in appointing appellee as guardian when, as asserted by appellant, it had no jurisdiction to make such appointment, because no public notice of appellee's application was ever posted and because no citation was ever served upon the proposed ward.

There is no question that appellant's application for letters was in compliance with Tex.Prob.Code Ann. § 111 (1956) and met all the requirements set out in this section. Appellant also complied with the provisions of section 130(c) which requires that persons of unsound mind shall be personally served with citation to appear and answer the application for the appointment of a guardian.

In this same cause appellee filed a pleading entitled "Contest of Application for Letters of Guardianship," which was the only pleading filed by appellee in the entire proceeding.

Appellant now contends that since the appellee did not *duplicate* the requirements of section 111 with respect to notice and also *duplicate* the requirements of section 130(c) with respect to service of citation, the trial court was without jurisdiction to appoint appellee guardian.

We overrule these contentions. Although appellant has cited many cases where the court lacked jurisdiction to act because of noncompliance with the various provisions of the Probate Code cited above, in the case at bar compliance with the Code on the part of appellant is without dispute. Thus, the court acquired jurisdiction over the guardianship proceeding that included, under the provision of section 114, the right to appoint a proper person to act as guardian in case no person who is entitled to appointment applies for it.

We can find nothing in the Probate Code that requires the duplication of effort with respect to the sections of the Code cited above on the part of appellee with that required by the party initiating the guardianship proceedings.

Indeed, under the provisions of Tex.R. Civ.P. 173, the court appointed a guardian *ad litem* who appeared on behalf of the ward at the trial in the court below. In our judgment, the appearance of the guardian *ad litem,* together with the personal service on Mrs. Loud and the proper posting of notice, fully protected her rights.

■ The second question presented is whether the court erred in appointing appellee as guardian when there is evidence disclosing that appellee was disqualified because she owed a debt to the ward. We must sustain this point.

The evidence discloses that appellee had been caring for the ward's needs both before and after her incompetency. During these times appellee wrote checks to herself for $175 each on the ward's account. Appellee also wrote checks on this account for $150 per week for groceries.

There were no findings of fact filed by the trial court; however, indulging every presumption in favor of the trial court's implied finding that there was no debt owed the estate by appellee, the overwhelming preponderance of the evidence

indicates that appellee used six payments of $175 for her own purposes and also used a part of the groceries purchased each week for herself, and at least a part of these funds and groceries were acquired and used during the period of time in which the ward was incompetent. Even though there is no question of any overreaching and even though the ward is an extremely wealthy woman and the amounts in question are a mere pittance, we must agree with appellant's contention that after the ward became incompetent to handle her own affairs, the appellee's use of the money and groceries for her own needs became a conversion of the ward's assets, which in turn constitutes a present debt to the ward or to her estate. This debt disqualifies appellee from becoming the ward's guardian under Tex.Prob.Code Ann. § 110(e).

However, as the court perceived appellee to be the better qualified for appointment as guardian, and from our review of the record we have no reason to believe otherwise, we reverse this case and remand it for a new trial at which time, should appellee wish to reapply for letters of guardianship, she may repay the amount then found by the trial court to be the debt in question, thereby removing the disqualification of the Probate Code. See Tex. Prob.Code Ann. § 110(e).

Reversed and Remanded.